## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **JOHN LINTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| | § | **5-10-CV-00585 OG (NN)** |
| | § | |
| **DOUGLAS L. JOHNSON,** | § | |
| **JOHNSON & JOHNSON, LLP,** | § | |
| **and NANCY LEE GRAHN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## REPORT AND RECOMMENDATION

**TO:**   **Honorable Orlando L. Garcia**
**United States District Judge**

Pursuant to the order of referral in the above styled and numbered cause of action to the undersigned United States Magistrate Judge,[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report addresses the pending motion to remand.[2]  The report recommends denying the motion.

**Procedural and factual background**.  On May 5, 2010, plaintiff John Linton filed an original petition in state court, naming as defendants Douglas L. Johnson, Johnson & Johnson

---

[1]Docket entry # 5.

[2]Docket entry # 4.

L.L.P., and Nancy Lee Grahn (the Johnson Defendants).  Linton brought claims for tortious

interference with business relationships, fraudulent misrepresentation, and civil extortion and

duress pursuant to the Texas Civil Practice and Remedies Code.  On June 18, 2010, the Johnson

Defendants were served with summons and a copy of the state-court petition.  On July 12, 2010,

the Johnson Defendants filed their notice of removal, asserting jurisdiction based on diversity.  On

the same day, the clerk of the court file-stamped the notice of removal and emailed the Johnson

Defendants, confirming receipt of the notice of removal.  Five days later, on July 17, 2010, Linton

received written notice of removal.  Linton moved to remand on July 30, 2010.

**Linton's argument about defective removal**.  Neither party disputes that complete

diversity exists or that the amount in controversy exceeds the jurisdictional minimum.  The issue

before the court is the whether the removal procedure was defective.   Linton did not explicitly

identify the reason he believes the removal was defective in his motion to remand, but stated in his

reply to the Johnson Defendants' response that the removal was defective because: (1) the notice

failed to correctly provide him notice due to incorrect certifications, and (2) the Johnson

Defendants did not correct the certifications after he notified them that the certifications were

false.[3]  Based on these reasons, Linton asked the court to sanction the Johnson Defendants under

Rule 11[4] and 28 U.S.C. § 1447(c)[5] for improper conduct following removal.[6]  Because Linton's

argument is unclear, this report addresses the applicable legal principles, rather than Linton's

---

[3]Docket entry # 7, p. 4.

[4]Fed. R. Civ. P. 11.

[5]*See* 28 U.S.C.A. § 1447(c) ("An order remanding the case may require payment of just
costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

[6] Docket entry # 4.

argument, in considering whether the removal was defective.

**Removability**.  A defendant may remove to federal court "any civil action brought in State court of which the district courts of the United States have original jurisdiction."[7]  A federal district court has subject matter jurisdiction over a state law controversy when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.[8]  The removal statutes are to be construed strictly against removal and in favor of remand.[9]  The party seeking the federal forum bears the burden of showing that federal jurisdiction exists and that removal is proper.[10]  For removal to be timely, a defendant must file a notice of removal within thirty days of its receipt of the initial pleading in the action.[11]

**Timeliness.**  Removal is timely if notice of removal is filed within either (1) thirty days of receipt by defendants of the initial pleading stating a claim for relief, or (2) thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.[12]  Because neither party

---

[7] 28 U.S.C. §§ 1441(a) and 1446(a).

[8] 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States.").

[9] *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

[10] *Willy*, 855 F.2d at 1164.

[11] 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

[12] 28 U.S.C. § 1446.

disputes the amount in controversy, the thirty-day time limit for filing a notice of removal is triggered on the date "of receipt by defendants of the initial pleading stating a claim for relief."[13]

According to the record, Linton filed his original petition on May 5, 2010; the Johnson Defendants were served with process on June 18, 2010.[14]  Therefore, the date of "receipt by defendants" was June 18, 2010, and the Johnson Defendants had 30 days—until July 19, 2010—to file their notice of removal.  The Johnson Defendants filed their notice of removal on July 12, 2010—within the 30-day time limit.[15]

   **Serving the notice of removal**.  After filing the notice of removal, the defendant must serve a copy of the removal notice and attachments on all adverse parties.[16]  Service must be done "promptly" after filing the notice.[17]  After filing the notice of removal on July 12, 2010, the Johnson Defendants "promptly" mailed notice to Linton via the mail.  Linton—by his own admission—received the notice on July 17, 2010.  Although the removal statute does not specify what constitutes "prompt" notice, "[c]ertainly the receipt of written notice a few day[s] after the removal satisfies the promptness requirement of 28 U.S.C. § 1446(d)."[18]

---

[13] 28 U.S.C. § 1446; docket entry # 6.  *See* docket entry # 4 (conceding the fact the amount in controversy is within the federal jurisdictional limits by stating "[t]his case was removable on the date it was filed, May 5, 2010").

[14] Docket entry # 6, exh. C.

[15] Docket entry # 6, exh. E.

[16] 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

[17] *Id.*

[18] *Sommers v. Abshire*, 186 B.R. 407, 409 (E.D. Tex. 1995).

4

Linton characterized the certificates of service included in his notice of removal package as erroneous. He complained he received a single package containing an appendix in support of the defendants' notice of removal stating that it was certified and served on July 8, 2010, and the notice of removal stating that it was certified and served on July 12, 2010. Linton maintained that the dates evidence the falseness of the certifications. The allegedly false notice dates of "July 8, 2010" and "July 12, 2010" do not bear on the ultimate issue of removal. The case was removable, removed within the thirty-day time limit, and prompt notice provided. The allegedly false certificates of service provide no basis for concluding that the removal was defective.[19]

**Rule 11 Violations**. Linton maintains sanctions are appropriate because the notice of removal proceedings contained "erroneous and . . .patently false sworn statements by Defendants' counsel."[20] He claims the certificate of service dates show that at least one date, if not both dates, violated Rule 11. Linton asked the court to impose sanctions because the Johnson Defendants failed to cure the defects and "willfully and knowingly let this court rely on false sworn statements."[21]

Under Rule 11, an attorney can certify to information "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"

---

[19] *Accord Fowler v. Sanchez*, No. SA-06-CV-0855 OG (NN), 2007 WL 1888887, at *3 (W.D. Tex. June 28, 2007) (stating that "any defect in the removal procedure caused by the Government not attaching the third amended original petition to its notice of removal does not affect the district court's subject matter jurisdiction); *Yellow Transp. v. Apex Digital,* 406 F.Supp.2d 1213, 1215 (D. Kan. 2005) (explaining that failing to attach the summons to the notice of removal was inadvertent and trivial, and did not reflect the failure to follow the removal procedure that "typically leads to remand orders where the motion is made outside the thirty-day window").

[20] Docket entry # 4.

[21] Docket entry # 4.

and "it is not being presented for any improper purpose."[22]  No evidence suggests the certificates of service were "presented for any improper purpose."   Most likely, the "July 8, 2010" certificate of service was an oversight.  Because nothing indicates the dates "July 8, 2010" and "July 12, 2010" were used in the determination as to "receipt of notice," it does not follow that the attorney "willfully and knowingly let this court rely on false sworn statements."  No basis exists for sanctions.

**Recommendation.**  When a motion to remand was timely filed, the removing party bears the burden of demonstrating compliance with the removal statute.[23]  The Johnson Defendants met their burden by demonstrating compliance with the removal statute.  The allegedly erroneous certificates of service were not fatal to the removal.  I recommend denying the motion to remand and the request for sanctions (docket entry # 4).

**Instructions for Service and Notice of Right to Object/Appeal.**  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[24]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings,

---

[22] Fed. R. Civ. P. 11(b)(1).

[23] *Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995).

[24] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the district court.[25] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[26]

      **SIGNED** on January 10, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[25] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[26] *Acuna v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

7